**GEIDEL FUEL OIL CORPORATION,**
Plaintiff,

v.

**PENINSULA NATIONAL BANK, Brian
M. Sliney, d/b/a Mako Recovery Ser-
vice, Frank Mastromauro, Michael La-
certosa and Sunshine Fuel Oil Co., Inc.,**
Defendants.

No. CV 83–4010.

United States District Court,
E.D. New York.

March 2, 1984.

---

Roger G. DeBerardine, Brooklyn, N.Y.,
for plaintiff.

Berkman, Henoch, Kadin & Peddy by
Ronald Kadin, Garden City, N.Y., for de-
fendant Peninsula Nat. Bank.

Addobbs, Greenberg, D'Errico & Caputo
by Frank N. D'Errico, Garden City, N.Y.,
for defendant Lacertosa.

Mackell & Robertson, Forest Hills, N.Y.,
for defendant Sunshine Coal & Fuel Oil
Co., Inc.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Geidel Fuel Oil Corp. (Geidel) brings this
action for the unlawful and wrongful re-

possession of a 1971 Mack oil truck from a parking lot at 222–01 141st Avenue, County of Queens, New York, on December 12, 1979. Plaintiff seeks to recover $6,500 on each of three counts of the complaint and $100,000 in punitive damages. Geidel sues defendants Peninsula National Bank (Peninsula) as the repossessor of the truck, and Brian Sliney, doing business as Mako Recovery Service,[1] for his part in the repossession. Plaintiff also claims these three defendants violated Section 9–502 of the Uniform Commercial Code. N.Y. Uniform Commercial Code Section 9–502 (McKinney Supp. 1983–84). In addition, Geidel sues defendant Frank Mastromauro as conveyor or seller of the truck, which apparently had a lien on it, Michael Lacertosa as the guarantor on the lien, and Sunshine Coal and Fuel Oil Co. Inc. (Sunshine) as the entity in control of the 141st Avenue parking lot. The complaint grounds subject matter jurisdiction in this Court on diversity of citizenship pursuant to 28 U.S.C. Section 1332, and, as regards Peninsula, the National Bank Act, 12 U.S.C. Section 94.

Defendant Peninsula now moves for dismissal of the action pursuant to Rule 12(c), Fed.R.Civ.P., on the ground that the suit is time barred under Section 214 of the New York Civil Practice Law and Rules. That section provides for a three year statute of limitations for "an action to recover a chattel or damage for the taking or detaining of a chattel. . . ." N.Y.Civ.P.L. & R. Section 214(3) (McKinney Supp.1983–84). Geidel concedes by affidavit the statute of limitations bar to its action against Peninsula.

Subsequently, Geidel moves for entry of default judgment against Frank Mastromauro. The Court notes in passing that the action against Peninsula would properly be dismissed as time barred. It also notes that the service on Mr. Mastromauro in Arizona might raise issues of proper service and personal jurisdiction. As the Court disposes of this matter on another ground, however, it is not necessary to discuss these issues.

## DISCUSSION

■ The question of subject matter jurisdiction is so fundamental that the Court is compelled to raise it of its own accord, even when not otherwise suggested by the parties to the action. *Mansfield, Coldwater & Lake Michigan Rwy. v. Swann*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884). Here, the plaintiff has premised subject matter jurisdiction on diversity of citizenship. It is well settled that to support subject matter jurisdiction under the grant of 28 U.S.C. Section 1332(a) there must be *complete* diversity of citizenship. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 370, 98 S.Ct. 2396, 2400–01, 57 L.Ed.2d 274 (1978); *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 17, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951); *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). Complete diversity of jurisdiction is held to mean that none of the plaintiffs is a citizen of the same state as any of the defendants. Put another way, all of the plaintiffs must be citizens of different states from all of the defendants.

■ The federal district courts are courts of limited jurisdiction. Jurisdiction must be affirmatively alleged in the pleadings, Rule 8(a)(1), Fed.R.Civ.P., and where it is based on diversity of citizenship the citizenship of the parties must be positively averred. *John Birch Society v. National Broadcasting Corporation*, 377 F.2d 194, 197 (2d Cir.1967). In the instant case the allegation of citizenship in the complaint is incomplete. Plaintiff avers that it is a New York corporation, that Peninsula is a national bank with its principal place of business in New York, that Brian Sliney, doing business as Mako Recovery Service, is conducting business pursuant to the laws of the State of New York, and that Frank Mastromauro is a "resident"[2] of Arizona.

---

**1.** Brian Sliney, d/b/a Mako Recovery Service, apparently has not been served.

**2.** Technically "resident" is not synonymous with "citizen" for purposes of 28 U.S.C. Section 1332. This failure of the pleadings alone would be a

It can be further gleaned from the affidavits of service of summons attached as exhibits to plaintiff's default motion that Sunshine is a New York corporation and Mr. Lacertosa is a resident of New York.

 Based on the foregoing the Court concludes that diversity of citizenship is not complete. Only one defendant is allegedly a citizen of a state different from plaintiff's; all the remaining defendants are, to varying degrees of certainty, citizens of New York. This is plainly insufficient to support subject matter jurisdiction based on diversity of citizenship.

⬛ Finally, the Court would note that 12 U.S.C. Section 94 is a statute that determines venue in suits against national banking associations "for which the Federal Deposit Insurance Corporation has been appointed receiver...." It is not a grant jurisdiction. There is a grant of original jurisdiction in 28 U.S.C. Section 1348, but it is limited to certain actions between the federal government and national banks, and states that for purposes of all other actions the national banking associations are citizens of the states in which they are located. In short, neither of these statutes support subject matter jurisdiction in this Court.

### CONCLUSION

As the Court lacks subject matter jurisdiction in this action it is dismissed on the motion of the Court pursuant to Rule 12(h)(3), Fed.R.Civ.P. The Court declines to act on defendant Peninsula's motion to dismiss and is without authority to enter default judgment against any of the remaining defendants. Accordingly, it is hereby

ORDERED, that the Clerk of the Court dismiss plaintiff's action as against all the defendants for lack of subject matter juris-

basis for dismissal. Since the apparent intention of the plaintiff is to allege citizenship, the proper action for this Court would be to grant leave to amend in order to correct the deficien-

diction. The parties are to pay their own costs.

SO ORDERED.

cy. *Cowell v. Ducas,* 2 F.Supp. 1 (S.D.N.Y.1932). Here, however, a change of terms would not cure the failure of jurisdiction.