**Ismael SANTANA SALGADO, et al., Plaintiffs,**

**v.**

**DuPONT PHARMACEUTICAL, INC., E.I. DuPont de Nemours & Co., et al., Defendants.**

**Civ. No. 86–0148 (JAF).**

United States District Court, D. Puerto Rico.

April 22, 1987.

José Lorie Velasco, Rua & Mercado, San Juan, P.R., for plaintiffs.

Manuel A. Guzmán, McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz-Suria, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This case is before us on a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The facts are as follows:

On February 4, 1985, Juan Santana Salgado and his brother Ismael, employees of Pinturas Natal, Inc., were working under a contract to paint the premises at the DuPont Puerto Rico, Inc. plant in Manatí, Puerto Rico. In the process of moving a scaffold, the same came in contact with some high-voltage cables. The workers received serious electrical discharges which injured Ismael Santana and caused the death of his brother. The heirs, relatives, and surviving worker brought this suit against DuPont Pharmaceutical, Inc., a Delaware corporation, and its parent company, E.I. DuPont de Nemours & Co., based upon diversity of citizenship pursuant to 28 U.S.C. sec. 1332. Plaintiffs also joined as named defendant corporate directors, a fictitious insurance company, and other fictitious defendants. The allegation as to the directors is a boiler plate allegation. It is claimed that they knew, or should have known, of the dangerous condition, and were responsible for the same. The other negligence allegation on the part of the corporate defendants is that they allowed the two painters to work in a dangerous and unsafe area, without due supervision or warnings.

The defendants filed their motion to dismiss alleging incomplete diversity due to the fact that DuPont Pharmaceutical's principal place of business is Manatí, Puerto Rico. They also point out that the company is a statutory employer pursuant to Article 19 of the Puerto Rico Workmen's Accident Compensation Act (PRWACA), 11 L.P.R.A. sec. 20, and as such is immune from suit from work-related accidents such as this. We agree on both points.

## I.

It is a fundamental principle of federal diversity jurisdiction that the diversity between the parties must be complete so that all plaintiffs be citizens of states different from those states of which all defendants are citizens. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). 28 U.S.C. sec. 1332(c) specifically states that

> [f]or the purposes of this section, ... a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State *where it has its principal place of business.* (Emphasis added).

There are very strong indications that DuPont Pharmaceutical's principal place of business is Manatí, Puerto Rico.[1]

Plaintiffs argue that because various officers and directors of the corporation live in Delaware, its executive and administrative functions are centered in that state and it should, therefore, be considered the sole residence for purposes of section 1332(c). We disagree.

Where a corporation is engaged in only one business activity, substantially all of whose operations occur in one state even though policy and administrative decisions are made elsewhere, the state of operation is the corporation's principal place of business for the purpose of diversity of citizenship. *Bialac v. Harsh Bldg. Co.*, 463 F.2d 1185 (9th Cir.), *cert. denied,* 409 U.S. 1060, 93 S.Ct. 558, 34 L.Ed.2d 512 (1972). *See also Monsanto Co. v. Tennessee Valley Authority*, 448 F.Supp. 648 (N.D.Ala. 1978), and *Gavin v. Read Corp.*, 356 F.Supp. 483 (D.C.Pa.1973), for the precept that a "principal office" is not necessarily the "principal place of business" within the

1. The supporting affidavit of Hilda I. Ferrer, which is decisive on this issue, is unsigned by the affiant. We pass upon this issue, however, because the plaintiffs have treated it as a signed sworn statement and have not contradicted the salient points. In any event, we take it as a declaration given under the penalty of perjury. *Cf.* 28 U.S.C. sec. 1746, in light of Fed.R.Civ.P. 7 and 11.

meaning of the section in question. We find that DuPont Pharmaceutical, Inc., a Delaware corporation, has its principal place of business in Manatí, Puerto Rico. Assuming for the sake of argument that diversity jurisdiction exists, we now hold that the corporate defendants are immune from suit.

## II.

■ It is undisputed that at the time of the accident both Pinturas Natal, Inc., the painter's real employer, and Dupont Pharmaceutical, were insured under the provisions of the PRWACA. For purposes of PRWACA, Dupont Pharmaceutical is a statutory employer who is immune from suit under the Act. *See Lugo Sánchez v. Water Resources Authority*, 105 D.P.R. 861 (1977); *see also Rodríguez v. Union Carbide Grafito*, 107 D.P.R. 848 (1978); *Vda. de Costas v. P.R. Olefins*, 107 D.P.R. 782 (1978). The remedies provided by the Act are exclusive. *See Garcia v. Friesecke*, 597 F.2d 284 (1st Cir.), *cert. denied*, 444 U.S. 940, 100 S.Ct. 292, 62 L.Ed.2d 306 (1979); *Lusson v. Carter*, 704 F.2d 646 (1st Cir.1983); on remand, *Lusson v. Carter*, 599 F.Supp. 8, 9 (D.P.R.1983).

■ There being no valid cause of action against the statutory employer, its parent company may also avail itself of the immunity afforded by PRWACA. *See Santiago v. Becton Dickinson & Co., S.A.*, 571 F.Supp. 904, 908 (D.P.R.1983).

For the above-stated reasons, the motion to dismiss is hereby GRANTED. Complete diversity is lacking. The corporate defendants are immune from suit. Judgment shall be entered dismissing the complaint. The dismissal against the directors is without prejudice to a subsequent action in a court of competent jurisdiction. *Hernández v. Union Carbide Corp.*, 642 F.Supp. 1000, 1002 (D.P.R.1986).

IT IS SO ORDERED.