**NEAT–N–TIDY CO., INC., Plaintiff,**

v.

**TRADEPOWER (HOLDINGS) LTD.,
Bernard Carlis, Muralex, Inc. and
Hanover Direct, Inc., Defendants.**

**No. 91 Civ. 0051 (SWK).**

United States District Court,
S.D. New York.

Nov. 8, 1991.

Crupain & Greenfield by Paul Greenfield, New York City, for plaintiff.

Parker Chapin Flattau & Klimpl by Stephen F. Harmon, Katherine C. Ash, New York City, for defendants Tradepower (Holdings) Ltd. and Bernard Carlis.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff Neat–N–Tidy Co, Inc. ("Neat–N–Tidy") brings this action to recover damages for breach of contract, tortious interference with business and contractual relations, and conspiracy to interfere with business and contractual rights, and alleges jurisdiction under 28 U.S.C. § 1331. Presently before the Court are defendants Tradepower (Holdings) Ltd.'s ("Tradepower") and Bernard Carlis' ("Carlis") motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the complaint for failure to state a claim upon which relief can be granted.

## BACKGROUND

The complaint alleges that Neat–N–Tidy was to receive commissions on sales of certain towel sets from Tradepower to defendants Muralex, Inc. ("Muralex") and Hanover Direct, Inc. ("Hanover") based upon an oral agreement between Avi Sivan, Neat–N–Tidy's agent, and Tradepower. The complaint further alleges that defendant Carlis, an employee and officer of Tradepower, solicited Mr. Sivan for "kickbacks," revealed Neat–N–Tidy's pricing strategy to defendants Muralex and Hanover, and arranged with Muralex and Hanover to place towel orders through an entity, not a party here, in order to bypass Neat–N–Tidy.

The complaint asserts three claims. The first claim alleges breach of contract as against Tradepower based upon the alleged oral agreement between Sivan and Tradepower. The second claim alleges tortious interference with Neat–N–Tidy's business and contractual relations as against Carlis. The third claim alleges a conspiracy among the defendants to interfere with plaintiff's business and contractual rights. Neat–N–Tidy seeks damages in an amount to be determined on the first claim (breach of contract), of $1,000,000 on the second (tortious interference) claim, and of $5,000,000

on the third (conspiracy) claim.[1]

Defendants Tradepower and Carlis move for an order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint for failure to state a claim upon which relief can be granted. The movants argue that all claims based upon the oral agreement are barred under the Statute of Frauds, and that the tortious interference claim is defective due to the complaint's failure to allege malice or unlawful activity on the part of Carlis. Neat-N-tidy opposes the motion.

## DISCUSSION

Before reaching these issues, however, the Court addresses *sua sponte*[2] the fundamental issue of subject matter jurisdiction since, without jurisdiction, the Court is without power to enter orders. *Mansfield, Coldwater & Lake Michigan Ry. v. Swan,* 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884); *Dinger v. Gulino,* 661 F.Supp. 438 (E.D.N.Y.1987); *Geidel Fuel Oil Corp. v. Peninsula Nat'l Bank,* 581 F.Supp. 19 (E.D.N.Y.1984).

### A. *Federal Question Jurisdiction*[3]

■ The complaint alleges federal question jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In determining whether the complaint presents a federal question, the Court must determine whether it satisfies the well-pleaded complaint rule. *See Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.,* 815 F.2d 188, 192–93 (2d Cir.1987), *cert. denied,* 484 U.S. 850, 108 S.Ct. 151, 98 L.Ed.2d 107 (1987). The rule demands that the federal question must appear on the face of the complaint, from "what necessarily appears in the plaintiff's statement of his own claim...." *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 725, 58 L.Ed. 1218 (1914). Examination of the complaint, however, reveals no claim that may be colorably construed as one "arising under" federal law or embodying a "substantial federal question." Because no such question is presented in the complaint, the court holds that it fails to allege federal question jurisdiction.

### B. *Diversity Jurisdiction*

Title 28, United States Code Section 1332 provides in relevant part:

> [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—(1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state....

28 U.S.C. § 1332(a). Having reviewed the complaint, the Court concludes that it fails to plead either the requisite jurisdictional amount or diverse citizenship of the parties.

---

1. Plaintiff has consented to the dismissal of a fourth claim for an accounting from Tradepower as to the exact number of towel sets sold to the other defendants. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, 1.

2. No defendant moves specifically to dismiss the complaint based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Defendant Hanover, however, raises lack of subject matter jurisdiction as an affirmative defense. Movants raise lack of subject matter jurisdiction in a footnote to their moving brief, *see* Memorandum of Law of Defendants Tradepower (Holdings) Ltd. and Bernard Carlis in Support of Their Motion to Dismiss the Complaint, at 3 n.

1, but with respect only to the complaint's failure to adequately plead Neat-N-Tidy's citizenship.

3. On November 19, 1988, Public Law No. 100–702 raised the jurisdictional threshold in diversity actions from $10,000 to $50,000. The new threshold amount is required in all actions filed on or after the 180th day following the enactment of the law, May 19, 1989. Since the complaint's allegation of jurisdiction under Section 1331 is followed by an allegation that the amount in controversy is in excess of $10,000, it would appear that plaintiff intended to assert diversity jurisdiction under former 28 U.S.C. § 1332 but, instead, inadvertently pleaded federal question jurisdiction.

### 1. Amount in Controversy

■ The complaint fails to either affirmatively plead or to allege facts sufficient to infer an amount in controversy in excess of $50,000. Generally, jurisdiction is not defeated "where the sum claimed by the plaintiff ... is apparently made in good faith ..., [unless it] appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Beckerman v. Sands*, 364 F.Supp. 1197, 1200 (S.D.N.Y.1973) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1943)); *see Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir.1982).

Here, the Court concludes that the allegations of the complaint fail to establish the requisite amount in controversy. First, the complaint alleges that the matter in controversy is in excess of $10,000 and so fails to plead an amount in excess of the $50,000 jurisdictional threshold. Second, although the complaint's *ad damnum* requests damages in excess of $1,000,000 and $5,000,000 on the Third and Fourth Claims, respectively, the complaint, liberally construed, contains no allegations from which the Court may infer a good faith basis for recovery of damages in such an amount. Since the complaint pleads only that damages are in excess of $10,000, and fails to include any further allegations concerning damages, the Court concludes that the complaint fails to allege an amount in controversy in excess of $50,000.

### 2. Diversity of Citizenship

■ Plaintiff also fails to allege complete diversity of the parties to the action. It is well-established that in cases based solely on diversity jurisdiction, no plaintiff may be a citizen of any state of which any defendant is also a citizen. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). The general rule requiring complete diversity between opposing parties is strict and unequivocal. *See International Shipping Co. S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989), *cert. denied*, 493 U.S. 1003, 110 S.Ct. 563, 107 L.Ed.2d 558 (1989). Additionally, complete diversity must be apparent from the pleadings. *John Birch Soc'y v. National Broadcasting Co.*, 377 F.2d 194, 197 (2d Cir.1967).

■ For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any state in which it is incorporated *and* of the State where it has its principal place of business...." 28 U.S.C. § 1332(c)(1) (emphasis added). If a complaint fails to allege a corporation's principal place of business, and if there is a possibility that a party's citizenship, through its principal place of business, might destroy diversity, then the pleading is insufficient to establish diversity jurisdiction. *See John Birch Soc'y*, 377 F.2d at 198.

■ In determining a corporation's principal place of business a court may look to the location where the corporation's important policy decisions are made, *see Scot Typewriter Co. v. Underwood Corp.*, 170 F.Supp. 862, 865 (S.D.N.Y.1959) ("nerve center" approach), or where the bulk of the corporation's operations, including personnel and physical plant facilities, are situated. *See Inland Rubber Corp. v. Triple A Tire Service, Inc.*, 220 F.Supp. 490, 496 (S.D.N.Y.1963) ("corporate operations" test). The approach to be applied shall be the one most appropriate to the facts of the case. *See Egan v. American Airlines, Inc.*, 324 F.2d 565 (2nd Cir.1963); *Danbury Bowlarama Corp. v. RCA Corp.*, 414 F.Supp. 354, 357 (S.D.N.Y.1976).

■ As a corporation's principal offices need not be located in the state in which it conducts the balance of its corporate activity or bases its operations, the situs of a corporation's principal offices will not necessarily determine its principal place of business. *See Uniroyal, Inc. v. Heller*, 65 F.R.D. 83, 87 (S.D.N.Y.1974). Accordingly, an allegation of the situs of a corporation's principal offices, without more, is insufficient to establish that corporation's principal place of business. *Id.; accord Santana Salgado v. Du Pont Pharmaceutical, Inc.*, 664 F.Supp. 644, 645–46 (D.P.R.1987);

*Kerstetter v. Ohio Casualty Ins. Co.*, 496 F.Supp. 1305, 1307 (E.D.Pa.1980).

Application of these principles establishes that plaintiff fails to allege complete diversity. The complaint alleges neither plaintiff's principal place of business nor that of defendant Hanover. Such pleading is patently deficient as it shelters the possibility that either of these parties may have its principal place of business in the same jurisdiction as does the other. Moreover, the complaint altogether omits any allegation of citizenship as to defendant Carlis.

The complaint thus fails to plead complete diversity. This failure is fatal to an assertion of diversity jurisdiction. *See International Shipping*, 875 F.2d at 391; *John Birch Soc'y*, 377 F.2d at 198.

### CONCLUSION

For the reasons set forth above, the complaint is hereby dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff is hereby granted leave to replead within the time prescribed by Rule 12(a).

SO ORDERED.