Clarissa RICHMOND, Rita B. Pritchard, June Rewis and F. Kevin Rewis, Connie L. Davis, Eleanor M. Fleury and Louis M. Dudek, Plaintiffs,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Hewlett–Packard Company, Memorex Corporation, Memorex Telex Corporation, Ampex Corporation, a subsidiary of Ampex Group, Inc., Contel Corporation, a subsidiary of GTE Corporation, and GTE Corporation, Defendants.

No. 93–CV–3254 (DRH).

United States District Court,
E.D. New York.

March 7, 1996.

Levy Phillips & Konigsberg, R.L.L.P., by Stephenie J. Lannigan, Steven J. Phillips, New York City, for Plaintiffs.

Ahmuty, Demers & McManus, by Deborah Del Sordo, Albertson, New York, for Defendant Ampex Corporation.

Sedgwick, Detert, Moran & Arnold, by Adam R. Dubow, Eric Kraus, New York City, for Defendant Hewlett–Packard Company.

Cerussi & Spring, by Joseph A. D'Avanzo, White Plains, New York, for Defendant International Business Machines Corporation.

Ahmuty, Demers & McManus, by Thomas M. Desimone, Albertson, New York, for Defendants Memorex Corporation and Memorex Telex Corporation.

## MEMORANDUM AND ORDER

HURLEY, District Judge.

Currently pending before the Court in the above-captioned case are two motions to dismiss based upon the applicable statutes of limitations. Specifically, Ampex Corporation ("Ampex") has moved to dismiss the claims against it by Plaintiff Connie L. Davis, and Hewlett–Packard Company ("Hewlett–Packard") has moved to dismiss the claims against it by Plaintiff Rita B. Pritchard.

As explained below, the Court finds that it is not in a position to consider these motions, as it is not apparent from the pleadings that there exists complete diversity of citizenship. Therefore, the Court instead grants the plaintiffs leave to amend their Complaint to allege facts sufficient to establish such diversity.

### DISCUSSION

**I.  Subject Matter Jurisdiction**

The Court acknowledges that none of the defendants has moved to dismiss the

instant action for lack of subject matter jurisdiction, *see* Fed.R.Civ.P. 12(b)(1), but "we must consider it, as subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power."[1] *See Turtur v. Rothschild Registry Int'l, Inc.*, 26 F.3d 304, 307 (2d Cir.1994) (citation and internal quotations omitted); *see also John Birch Soc'y v. National Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir.1967) ("Because of the limited jurisdiction of the federal courts, ..., it is incumbent upon this court to raise the question of subject matter jurisdiction *sua sponte* whenever it appears from the pleadings or otherwise that jurisdiction is lacking.") (citations omitted).

■ The Second Circuit has indicated that in an action, such as the instant one, "based only upon 28 U.S.C. § 1332, diversity of citizenship must be apparent from the pleadings." *John Birch Soc'y*, 377 F.2d at 197. A conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists. *See Ganoe v. Lummis*, 662 F.Supp. 718, 723 (S.D.N.Y.1987) ("Naked allegations that the parties are citizens of different states, absent an averment of the particular states of which the parties are citizens, are insufficient to meet the pleading requirement."), *aff'd*, 841 F.2d 1116 (2d Cir.), *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 886 (1988).

## II. *Jurisdictional Basis for Instant Action*

■ By way of background, the Court notes that the instant action is but one of a multitude of cases presently pending before the undersigned by which plaintiffs seek recovery for alleged "repetitive stress injuries." Plaintiffs in the case at bar are represented by the firm of Levy Phillips & Konigsberg, R.L.L.P. ("Levy Phillips"), as are many of the plaintiffs in the other actions before this Court that seek recovery for similar alleged injuries. Many of the Complaints filed by Levy Phillips, including the Complaint in the instant action, do not specifically allege the states of citizenship of the plaintiffs.

Against that backdrop, the Court turns its attention to the pleadings in the case at bar. Federal Rule of Civil Procedure 8(a) provides that a pleading "shall contain ... a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it. ..." Fed.R.Civ.P. 8(a). Plaintiffs in the above-captioned case have premised subject matter jurisdiction on diversity of citizenship between themselves and the defendants. Specifically, the plaintiffs allege that

> [j]urisdiction exists pursuant to 28 U.S.C. § 1332 as set forth below in that the defendants are corporations incorporated pursuant to the laws of states and have their principal places of business within states other than the state [sic] of which the plaintiffs herein are citizens, and the amount in controversy, exclusive of interests and costs, exceeds FIFTY THOUSAND ($50,000) DOLLARS.

(Compl. ¶ 1.)

Later in the Complaint, specific information is provided as to the states of incorporation and principal places of business of six (6) of the seven (7) named defendants. For example, the Complaint alleges that

> Defendant HEWLETT–PACKARD COMPANY[ ] is a corporation duly organized and existing under and by virtue of the laws of the State of California with its principal place of business in the State of California. ...

(*Id.* ¶ 37.) Similarly, it is alleged that

> Defendant MEMOREX CORPORATION[ ] is a corporation duly organized and existing under and by virtue of the laws of the State of California with its principal place of business in the State of California. ...
>
> Defendant AMPEX CORPORATION[ ] is a corporation duly organized and existing under and by virtue of the laws of the

---

1. The Court also notes that Federal Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

State of California with its principal place of business in the State of California.... (*Id.* ¶ 38, 40.)

The Complaint, however, does not specifically allege the state(s) of incorporation and principal place of business of defendant GTE CORPORATION, nor does it specifically allege the states of citizenship of the plaintiffs. Even assuming, at this time, a factual basis for the Complaint's conclusory allegation, *see supra* at 108, that there exists complete diversity of citizenship between the parties, *see* Fed.R.Civ.P. 11(b)(3)[2], such an allegation does not end the Court's inquiry as to whether or not it has subject matter jurisdiction over the instant action. *See supra* at 107–108.

Parenthetically, the Court notes that the Complaint alleges that Plaintiff Rita B. Pritchard was employed at a law firm in San Francisco, California between August, 1983, and the commencement of the instant action. (Compl. ¶ 10.) Obviously, if Ms. Pritchard was a citizen of California as of the date this suit was commenced, *see Freeport–McMo-Ran Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991) (referring to "well-established rule that diversity of citizenship is assessed at the time the action is filed"), complete diversity would not exist, as Hewlett–Packard, Memorex Corporation, and Ampex were incorporated, and have their principal places of business, in California. (*See* Compl. ¶¶ 37, 38, 40.)

In sum, because the Complaint in the case at bar fails to specifically allege the states of citizenship of each of the plaintiffs and defendants, and the facts that are alleged suggest that there may not be complete diversity between the parties, the Court cannot fulfill its obligation to ascertain from the pleadings that it has subject matter jurisdiction over the instant action. *See, e.g., Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1027 (2d Cir.1992) (finding that allegations of complaint were insufficient to plead diversity jurisdiction where complaint did not specifically identify the states in which the defendant was incorporated); *see also Neat–N–Tidy Co. v. Tradepower (Holdings) Ltd.*, 777 F.Supp. 1153, 1154–55 (S.D.N.Y.1991) (finding that complaint failed to sufficiently plead complete diversity where it failed to allege principal places of business for corporate plaintiff and corporate defendant, and failed to allege individual defendant's state of citizenship); *Anisfeld v. Cantor Fitzgerald & Co., Inc.*, 631 F.Supp. 1461, 1468 (S.D.N.Y. 1986) ("The complaint in this case is insufficient since it fails to affirmatively allege the states of citizenship of each of the individual defendants and the principal places of business of each of the corporate defendants.").

### *Conclusion*

Plaintiffs are hereby granted leave to amend their Complaint, within twenty (20) days of the date of this Order, to allege facts sufficient to establish complete diversity of citizenship between the seven (7) named plaintiffs and the seven (7) named defendants, *see* Fed.R.Civ.P. 15(a); 28 U.S.C. § 1653, as of the date that this suit was commenced.[3] Pending the filing of an amended Complaint, the motions to dismiss by Ampex and Hewlett–Packard will be administratively terminated. *See, e.g., Neat–N–Tidy Co.*, 777 F.Supp. at 1155 ("[W]ithout [subject matter] jurisdiction, the Court is without power to enter orders.") (citations omitted).

Should Plaintiffs fail to file an amended Complaint within twenty (20) days of the date of this Order, or should the amended Complaint fail to establish subject matter jurisdiction, the Court will dismiss this case. If instead, the amended Complaint establishes subject matter jurisdiction, then the

---

**2.** Rule 11 provides, in relevant part, that "[b]y presenting to the court ... a pleading ... an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery...." Fed. R.Civ.P. 11(b)(3).

**3.** Should plaintiffs wish to amend their Complaint in any other manner, they must, of course, receive the Court's permission to do so. Fed. R.Civ.P. 15(a).

Court will deem the defendants' motions to dismiss submitted as of the filing date of the amended Complaint, and directed towards such Complaint. *See, e.g.,* 6 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1476, at 28 (1995 Supp.) ("Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending.").

SO ORDERED.