In the

# United States Court of Appeals

for the

# Second Circuit

August Term, 2016

Submitted January 10, 2017
Decided July 13, 2017

Docket No. 16-1680-cv

MELANIE CONNORS,

*Plaintiff-Appellant,*

v.

THE UNITED STATES OF AMERICA
and
JOHN F. KELLY,* Secretary, United States
Department of Homeland Security,

*Defendants-Appellees.*

Before:

HALL, DRONEY, *Circuit Judges*, OETKEN, *District Judge*.†

---

* Pursuant to Fed. R. App. P. 43(c)(2), John F. Kelly is automatically substituted for Jeh Charles Johnson in his official capacity as the Secretary of the United States Department of Homeland Security. The Clerk is respectfully directed to amend the caption of this matter accordingly.

† Judge J. Paul Oetken, United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*) dismissing for lack of subject matter jurisdiction a complaint seeking judicial review under the Administrative Procedure Act, 5 U.S.C. § 702, of the employment termination of a screening officer employed by the Transportation Security Administration ("TSA").

We hold that the Aviation and Transportation Security Act, 49 U.S.C. § 44935 note, commits the termination of the employment of TSA screeners to the unreviewable discretion of the TSA Administrator and that the district court lacks subject matter jurisdiction to review termination decisions pursuant to the Administrative Procedure Act, 5 U.S.C. § 701(a).

AFFIRMED.

> William A. Roché, The Law Offices of William A. Roché, P.C., Hicksville, New York, *for Plaintiff-Appellant*.
>
> Varuni Nelson, Rachel G. Balaban, and Dara A. Olds, Assistant United States Attorneys, *of counsel*, *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York, *for Defendants-Appellees*.

PER CURIAM:

In *Conyers v. Rossides*, 558 F.3d 137, 148 (2d Cir. 2009), *cert. denied*, 133 S. Ct. 329 (2012), we held that Section 111(d) of the Aviation Transportation Security Act, 49 U.S.C. § 44935 note ("ATSA"), precluded judicial review under the Administrative Procedure Act, 5 U.S.C. § 701(a) ("APA"), of a decision by the Transportation Security Administration ("TSA") not to utilize the Federal Aviation Administration's personnel management system in deciding whom to employ or appoint as a screening officer. We did not hold as a general matter that APA review was unavailable for all

personnel decisions regarding TSA screening officers. *See Conyers*, 558 F.3d at 148.

The case now before us gives us occasion to extend the holding of *Conyers* to TSA decisions regarding the termination of screening officers. For the reasons that follow, we hold that the ATSA precludes review under the APA of a TSA decision to terminate a screening officer. We therefore affirm the district court's dismissal of this matter for lack of subject matter jurisdiction.

## I. Background

The following facts are taken from the complaint and its attachments, which, on a motion to dismiss, both the district court and this Court are obliged to view in the light most favorable to the Plaintiff. *See id.* at 143.

Plaintiff-Appellant Melanie Connors was employed by the TSA as security screening officer, with the title of Expert Behavior Detection Officer, at Newark Liberty International Airport. She was also the recording secretary of the Association of Transportation Security Management and Professionals ("ATSMAP"), a TSA employee association.

In February 2013, several TSA managers received packages containing lists of names, addresses, telephone numbers, and email addresses of 185 TSA employees, including several federal air marshals. The list appeared to have been compiled from ATSMAP's membership roster. The TSA considers the identities of federal air marshals to be sensitive security information ("SSI"), and an FBI investigation ensued.

During the course of the investigation, Connors told investigators that it was possible that her personal computer, which contained the ATSMAP membership roster, might have been hacked, or that her husband might have accessed and released the information. The investigation ultimately determined that neither Connors nor any computer in her home was the source of the released information. Nevertheless, in mid-September 2013, Connors received a Notice of

Proposed Removal charging her with "lack of candor" in the investigation and "failure to safeguard SSI." Two months later, the Deputy Federal Security Director at Newark Liberty International Airport rendered a decision upholding the proposed penalty of removal from federal service, and Connors was fired. She filed an administrative appeal to the Department of Homeland Security Office of Professional Responsibility Appellate Board ("OPR"). The OPR overruled the Deputy Federal Security Director's decision with respect to the charge of lack of candor in the investigation, but sustained the decision with respect to the charge of failure to safeguard SSI, and upheld Connors's termination.

Connors then filed the present action in the United States District Court for the Eastern District of New York, seeking judicial review of her termination under the APA. The Defendants moved to dismiss for lack of subject matter jurisdiction. The district court (Vitaliano, *J.*) granted the motion. This timely appeal followed.

## II.  Standard of Review

In reviewing a dismissal for lack of subject matter jurisdiction, we examine de novo the district court's legal conclusions. *Conyers*, 558 F.3d at 143.

## III.  Analysis

APA review of an administrative action is presumptively available, but that presumption yields to statutory provisions explicitly precluding judicial review of administrative action or committing administrative action to agency discretion. *Id.* at 143. When it is argued that such a statutory provision precludes APA review, we examine that provision with great care, reading it to provide an exception to APA review only when we are satisfied that it constitutes clear and convincing evidence of congressional intent to do so. *Id.*

The relevant portion of the ATSA provides:

> [N]otwithstanding any other provision of law, the Under Secretary of Transportation for Security may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of

4

> employment of Federal service for such a number of individuals as the
> Under Secretary determines to be necessary to carry out the screening
> functions of the Under Secretary under section 44901 of title 49,
> United States Code. The Under Secretary shall establish levels of
> compensation and other benefits for individuals so employed.

49 U.S.C. § 44935 note.

In *Conyers*, 558 F.3d at 144–48, we held that this provision precluded APA review of a claim by an individual who applied for a TSA security screening job and was rejected. There, we considered carefully the text, structure, and legislative history of the ATSA, and we need not repeat ourselves here. *See id.* at 145–47. We concluded that the statute committed hiring decisions regarding TSA screeners to the agency's discretion, and thus removed review of such decisions from the scope of the APA. *See id.* at 146–48.

We limited our holding, however, to the particular employment decision then at issue, and we specifically declined to hold that APA review was unavailable for all personnel decisions involving TSA screeners:

> We need not decide whether APA review is unavailable with respect to
> all of the Administrator's decisions regarding screener employment.
> We conclude here only that the specific "agency action" complained of
> by Conyers, namely, the Administrator's decision not to utilize the
> FAA's personnel management system in deciding whom to "employ" or
> "appoint" as a security screener, "is committed to agency discretion by"
> ATSA Section 111(d) and, thus, is not reviewable under the APA, 5
> U.S.C. § 701(a).

*Id.* The matter now before us concerns a firing decision rather than a hiring decision and is thus not strictly controlled by *Conyers*.

The ATSA, by its clear terms, grants the TSA extremely broad authority over personnel matters. *See id.* at 145 ("Section 111(d) speaks broadly of the administrator's authority . . . ."). In particular, the TSA is empowered to "terminate" "individuals" who "carry out the screening functions" of the TSA "notwithstanding any other provision of law." 49 U.S.C. §44935 note. Accordingly, we now hold that the

TSA's decision to terminate Connors's employment is not subject to APA review. This holding follows naturally and ineluctably from the reasoning we set forth in *Conyers*.

The Plaintiff attempts to distinguish *Conyers* by characterizing the hiring decision in *Conyers*, as contrasted with the firing decision here, as a decision with public policy implications. This is not a meaningful distinction. First, it assumes, incorrectly, that there are no policy implications involved in the termination of a public employee's job. Second, Connors has pointed to nothing in the text, structure, or history of the ATSA suggesting that it should be read to grant the TSA discretion concerning only decisions with policy implications. To the contrary, the ATSA's grant of TSA discretion over screening personnel employment matters is sweeping in its breadth. *See id.* at 146 (noting that the ATSA implicates a "nearly comprehensive list of employment-related decisions").

In *Conyers*, we noted a developing consensus in favor of ATSA preclusion of judicial action among courts that have considered the question in various contexts. *See id.* at 144–45 (collecting cases). This consensus has strengthened since we decided *Conyers. See, e.g., Field v. Napolitano*, 663 F.3d 505 (1st Cir. 2011) (holding that the ATSA precluded a TSA security screener from bringing suit under the Rehabilitation Act, 29 U.S.C. § 791 et seq.); *Joren v. Napolitano*, 633 F.3d 1144 (7th Cir. 2011) (per curiam) (same).

Consistent with this consensus, we conclude that the district court correctly determined that it lacked subject matter jurisdiction over this matter, and properly dismissed it. Its judgment is affirmed.