Kruglov v. Copart of Connecticut, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of July, two thousand nineteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                    *Circuit Judges*.

---

DMITRY KRUGLOV, NY,

                    *Plaintiff-Appellant*,

            v.                                                 18-1099-cv

COPART OF CONNECTICUT, INC., DBA COPART,
USA AUTOMARKET, DBA REX AUTO PARTS,

                    *Defendants-Appellees*.

---

Appearing for Appellant:     Dmitry Kruglov, pro se, New York, N.Y.

Appearing for Appellees:     Thomas G. Darmody, Mintzer Sarowitz Zeris Ledva & Meyers
                             L.L.P. (Bradley J. Levien, *on the brief*), New York, N.Y., *for
                             Copart of Connecticut, Inc., DBA Copart*.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Dmitry Kruglov, pro se, appeals from the March 19, 2018, judgment of the United States District Court for the Northern District of New York (Hurd, *J.*), sua sponte dismissing his complaint against Copart of Connecticut, Inc. ("Copart") and USA AutoMarket for lack of subject-matter jurisdiction. *Kruglov v. Copart of Conn., Inc., CT*, No. 1:17-CV-1306 (DNH/DJS), 2018 WL 1399337, at *1 (N.D.N.Y. Mar. 19, 2018), *adopting* 2018 WL 1399332 (N.D.N.Y. Jan. 16, 2018) (Report-Recommendation and Order). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"In reviewing a dismissal for lack of subject matter jurisdiction, we examine de novo the district court's legal conclusions," *Connors v. United States*, 863 F.3d 158, 160 (2d Cir. 2017), "accept[ing] as true all material facts alleged in the complaint and draw[ing] all reasonable inferences in the plaintiff's favor," *Merritt v. Shuttle, Inc.*, 245 F.3d 182, 186 (2d Cir. 2001). "We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (citation and internal quotation marks omitted).

Where, as here, the basis for federal-court jurisdiction is the diversity of the parties, "the matter in controversy" must "exceed[] the sum or value of $75,000." 28 U.S.C. § 1332(a). The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation marks omitted). However, this burden is not an onerous one. *Id.* Dismissal is only warranted where it is a "legal certainty" that the plaintiff cannot recover the jurisdictional amount-in-controversy threshold. *Id.* (internal quotation marks omitted). If there is uncertainty, or even "grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." *Id.* (internal quotation marks omitted).

As a threshold matter, Kruglov's Amended Complaint fails to plead complete diversity as required to invoke diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins.*, 160 F.3d 925, 930 (2d Cir. 1998). According to the Amended Complaint, Kruglov is a domiciliary and citizen of the State of New York. Copart is a corporation incorporated in the State of Connecticut that conducts and transacts business within the State of New York. However, the Amended Complaint fails to indicate the state in which Copart's principal place of business is located. "If a complaint fails to allege a corporation's principal place of business, and if there is a possibility that a party's citizenship, through its principal place of business, might destroy diversity, then the pleading is insufficient to establish diversity jurisdiction." *Neat-N-Tidy Co. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991); *see also* 28 U.S.C. § 1332(c). USA AutoMarket is a limited liability company organized according to the laws of the State of Indiana and with its principal place of business in the State of Indiana. For diversity of citizenship purposes, however, a limited liability company such as USA AutoMarket is generally a citizen of each state in which any of its members is a citizen. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *see*

2

*also Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *Avant Capital Partners, LLC v. W108 Dev. LLC*, No. 16 Civ. 3359 (LLS), 2016 WL 3660756, at *1 (S.D.N.Y. June 30, 2016) (internal quotation marks omitted). The Amended Complaint here fails to identify the members of USA AutoMarket or to identify the citizenship of the members. Accordingly, the Amended Complaint fails on its face to plead diversity of citizenship. *See Carter*, 822 F.3d at 60 ("If the usual rule is applicable here, the Complaint is deficient because it contains no allegation as to the identity or citizenship of HealthPort's members.").

In any event, even assuming Kruglov had adequately pled diversity of citizenship, his claims could not support a damages award exceeding $75,000. Kruglov primarily asserted three breach of contract claims. "Damages for breach of contract include general (or direct) damages, which compensate for the value of the promised performance, and consequential damages, which are indirect and compensate for additional losses incurred as a result of the breach." *Latham Land I, LLC v. TGI Friday's, Inc.*, 948 N.Y.S.2d 147, 151 (3d Dep't 2012) (internal quotation marks omitted). Here, Kruglov's direct damages are the approximately $1,500 price he paid for the car, the car's $350 scrap metal value that Kruglov alleges Copart owed him but did not pay, and storage fees and other fees or taxes he paid in connection with the transactions. Those direct damages fall far short of the $75,000 jurisdictional threshold.

The other, indirect damages Kruglov claims—$30,000 in emotional damages and a salary of $129,000 from a job interview opportunity that he lost because he had no car to drive to the interview—cannot be recovered under a breach of contract theory. First, Kruglov cannot recover for emotional distress caused by a breach of contract. *See Wehringer v. Standard Sec. Life Ins. of N.Y.*, 57 N.Y.2d 757, 759 (1982) ("[A]bsent a duty upon which liability can be based, there is no right of recovery for mental distress resulting from the breach of a contract-related duty.").

Second, Kruglov cannot recover damages associated with the salary of the job for which he could not interview because such indirect or consequential damages were not foreseeable. *See Latham Land I*, 948 N.Y.S.2d at 152 (indirect or consequential damages "are extraordinary in that they do not so directly flow from the breach [and] are recoverable only upon a showing that they were foreseeable and within the contemplation of the parties at the time the contract was made" (alteration in original) (internal quotation marks omitted)); *see also Bi-Econ. Mkt., Inc. v. Harleysville Ins. of N.Y.*, 10 N.Y.3d 187, 193 (2008) ("To determine whether consequential damages were reasonably contemplated by the parties, courts must look to . . . what liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made." (internal quotation marks omitted)). Kruglov does not allege that he informed Copart or USA AutoMarket that he intended to purchase a car for employment purposes, nor do his allegations otherwise support the inference that the parties contemplated that Copart and USA AutoMarket would be liable for any damages flowing from Kruglov's inability to attend a job interview.

Nor can Kruglov recover damages for his other claims: tortious interference with an economic relationship and negligent infliction of emotional distress. First, he alleges no facts

sufficient to state a claim for tortious interference with an economic relationship. To state such a claim regarding a prospective contract, a plaintiff must allege that the defendant's actions amounted to an independent crime or tort, or were done for the sole purpose of interfering with the plaintiff's economic relationship. *See Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190 (2004). Here, Kruglov does not allege that Copart intentionally breached the contract for the sole purpose of trying to harm Kruglov's chance at the job. Indeed, as mentioned, Kruglov does not allege that he even informed Copart or USA AutoMarket that he was purchasing a car to pursue an employment opportunity. Second, Kruglov's complaint fails to state a claim for negligent infliction of emotional distress because it does not allege any facts showing that he was endangered or feared for his safety as a result of Copart's or USA AutoMarket's actions. *See Schultes v. Kane*, 856 N.Y.S.2d 684, 686-87 (3d Dep't 2006) ("A cause of action for negligent infliction of emotional distress generally requires plaintiff to show a breach of duty owed to her which unreasonably endangered her physical safety, or caused her to fear for her own safety." (internal quotation marks omitted)).

Next, even assuming Kruglov could recover for false advertising under New York General Business Law § 349, his damages are limited to a maximum of $1,000. N.Y. Gen. Bus. Law § 349(h). His damages for false advertising and fraudulent inducement under General Business Law § 350 are limited to his actual damages or $10,000, whichever is greater. N.Y. Gen. Bus. Law § 350-e(3).

The only remaining way that Kruglov's claims could satisfy the $75,000 amount-in-controversy jurisdictional threshold is if his complaint stated a claim warranting punitive damages. To state a claim warranting punitive damages under New York law, a plaintiff must allege the following: "(1) defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of [an] egregious nature . . . ; (3) the egregious conduct must be directed to plaintiff; and (4) it must be part of a pattern directed at the public generally." *New York Univ. v. Cont'l Ins.*, 87 N.Y.2d 308, 316 (1995). Because the purpose of punitive damages "is not to remedy private wrongs but to vindicate public rights," a defendant's conduct must "involve[] a fraud evincing a high degree of moral turpitude and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations." *Rocanova v. Equitable Life Assurance Soc'y of the U.S.*, 83 N.Y.2d 603, 613 (1994) (internal quotation marks omitted). Punitive damages are "refused in the 'ordinary' fraud and deceit case." *Walker v. Sheldon*, 10 N.Y.2d 401, 405 (1961).

Here, Kruglov's claims would not warrant punitive damages, in part, because he failed to allege any facts showing that Copart's actions were part of a larger pattern of fraud. Instead, he alleges that Copart's handling of *his* sale and consignment contracts was fraudulent and in bad faith. We need not decide whether Copart's alleged conduct in this regard was sufficiently egregious to warrant punitive damages because Kruglov does not allege that other members of the public were generally subjected to the same allegedly fraudulent behavior. *See Rocanova*, 83 N.Y.2d at 614 (plaintiff's claims of "policyholder 'difficulties'" with defendant insurance company did not show a pattern directed at the public). Kruglov's allegations regarding Copart's website fare no better but for a separate reason. Although one might reasonably infer from those allegations that other New York residents were or may have been deceived by Copart's website into believing that members of the public could buy cars directly from Copart but later be forced

4

to hire a broker, they do not support an inference that Copart's advertisements "evinc[ed] a high degree of moral turpitude and demonstrat[ed] such wanton dishonesty as to imply a criminal indifference to civil obligations" that could support a punitive damages award. *See Rocanova*, 83 N.Y.2d at 613 (internal quotation marks omitted).

In sum, Kruglov's damages could amount to only a few thousand dollars, well short of the $75,000 required for diversity jurisdiction. The district court therefore properly dismissed the complaint. We have considered the remainder of Kruglov's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk