**RENT—A—CENTER INC., Plaintiff,**

v.

**47 MAMARONECK AVENUE CORPORATION and Timothy Engle, Defendants.**

No. 02 Civ. 00213(CM).

United States District Court, S.D. New York.

April 9, 2003.

Michael H. Smith, Spitzer & Feldman P.C., New York City, for Rent–A–Center, Inc.

Andrew D. Brodnick, Oxman, Tulis, Kirkpatrick, Whyatt & Geiger, LLP, White Plains, NY, for 47 Mamaroneck Avenue Corporation, Timothy Engel.

## ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR COUNTERCLAIM

MCMAHON, District Judge.

In the ordinary course, when a party moves to amend the pleadings after the deadline to do so in the court's scheduling order has passed, that party must satisfy the good cause requirement of Fed.R.Civ.P. 16(b)—despite the lenient standard for amendment under Fed.R.Civ.P. 15(a)—before leave to amend may be granted. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir.2000) (citations omitted). The reason for this is simple—scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed. *Id.* If Rule 15(a) is considered without regard to Rule 16(b), scheduling orders could be rendered meaningless and Rule 16(b) would be rendered nugatory.

In the present case, the defendants' motion to amend comes long after the deadline for amendments for pleadings set by this Court's Scheduling Order. Indeed, it is made four months after defendants amended their answer, with this Court's permission, to assert a counterclaim for attorneys' fees. But plaintiff failed to reply to the defendants' counterclaim. Defendants argue that Rule 16(b)'s standard of good cause is trumped in this case, not by Rule 15(a)'s standard of lenient amendment, but by its statement that a party "may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." FED. R. CIV. P. 15(a).

For the following reasons, I find that the Rule 16(b) good cause standard is applicable and deny the defendants' motion to amend the pleadings.

## I. Facts Pertinent to the Motion

### A. The Underlying Dispute

On or about September 29, 2000, Rent–A–Center, Inc., ("RAC") entered a lease agreement whereby 47 Mamaroneck Avenue Corporation ("47") would lease to RAC certain commercial property located in the City of White Plains. (Plaintiff's complaint filed on January 1, 2002 ("Pl.'s Compl.") ¶ 5). The lease was for five years with options to renew for two additional terms of five years each. (Pl.'s Compl. ¶ 5–6). The lease also contained terms such as price and predetermined annual rent increases.

After the lease was executed, RAC, with 47's approval, made alterations of the commercial space and installed improvements costing over $125,000. (Pl.'s Compl. ¶ 9). RAC provided 47 with the proposed plans of said alterations and improvements, which the latter approved and accepted. (Pl.'s Compl. ¶ 9). In addition to obtaining 47's approval, RAC secured permits and inspections that were necessary before the alterations and improvements could begin. (Pl.'s Compl. ¶ 9).

On or about March 21, 2001, RAC and 47 entered an agreement resolving certain dis-

putes between them. Pursuant to this agreement, RAC paid 47 a specified amount and defendants released RAC from any further obligation, cost, claim, liability, or expense arising out of or related to the repairs and work. (Pl.'s Compl. ¶ 10).

RAC contends that, after this agreement was entered, 47 and Timothy Engle ("Engle") (collectively, the defendants) embarked on a plan of harassment and coercion with the intention of causing RAC to terminate its leasehold. (Pl.'s Compl. ¶ 11). The alleged harassment and coercion took on many forms. RAC asserts that 47 served RAC a notice to terminate the lease for RAC's alleged failure to cure alleged violations of certain provisions of the White Plains fire code, which according to RAC, had already been cured. (Pl.'s Compl. ¶ 11(a)). RAC also alleges that the defendants maliciously commenced a holdover proceeding to recover the leased premises which was discontinued shortly after its commencement. (Pl.'s Compl. ¶ 11(a)). It is asserted that 47 billed RAC for 47's legal services in connection with this holdover proceeding. Despite its discontinued efforts to obtain legal fees from RAC, 47 notified RAC that it would terminate the lease if these fees were not paid. (Pl.'s Compl. ¶ 11(c)). RAC further asserts that 47 trespassed onto RAC's premises and interfered with RAC's business by appearing unannounced and accompanied by Fire Department personnel and the City Building Inspector to elicit non-existent fire code violations, which the Fire Marshall and City Building Inspector refused to do. (Pl.'s Compl. ¶ 11(e)). The plaintiff also alleges that 47 had RAC's telephone line(s) cut, and that defendant Engle threatened to block RAC's access to the leased premises basement in violation of the lease's terms. Finally, there are additional allegations that 47 repeatedly demanded more and more counsel fees from RAC, explaining to RAC that these fees were incurred in administering the lease. However, when billing RAC for said fees, 47 failed to itemize or breakdown the charges. (Pl.'s Compl. ¶ 11(g)).

### B. Procedural History

RAC filed its complaint in this Court on January 10, 2002, naming 47 Mamaroneck Avenue Corporation and Timothy Engle as the defendants (collectively referred to as "47"). Plaintiff's complaint contained five causes of action: 1) declaratory and injunctive relief, 2) malicious breach of contract by 47, 3) money had and received (because RAC paid, under protest, counsel fees and other charges improperly billed by 47), 4) tortious inducement of breach of contract and trespass to property, and 5) fraud.

On February 13, 2002, defendants moved to dismiss RAC's complaint. The Court denied this motion on April 3, 2002, and directed the plaintiff to file an amended complaint, amending the allegations of the Fifth Cause of Action. On April 8, 2002, RAC did as directed, and the defendants answered on April 26, 2002. Thereafter, the Court entered a Consent Scheduling Order (the "Scheduling Order") setting various deadlines. In particular, the Scheduling Order stated that amendments to the pleadings would not be permitted after June 1, 2002.

On May 28, 2002, (three days before the deadline for amendments), the defendants moved for summary judgment dismissing plaintiff's Fourth and Fifth Causes of Action, and for leave to amend defendants' answer to the amended complaint to include a counterclaim. On July 30, 2002, the Court denied the defendants' motion for summary judgment, but granted the motion to amend the defendants' answer to the amended complaint. The defendants' amended answer contained a counterclaim, which asserted that the plaintiff failed to pay late charges assessed pursuant the lease and additional rent consisting of the legal fees and expenses the defendants incurred in administering the lease.

On August 16, 2002, the deadline for discovery, both parties requested that it be extended by sixty days. The Court granted an extension, but not by sixty days. The Court endorsed the letter requesting a discovery extension and wrote "[y]ou have until September 20, 2002, no longer; you should not put things off until the end."

### II. The Pending Motion

■ On October 11, 2002, defendants again moved to amend their answer. Defen-

dants now seek to expand their counterclaim to include a specific claim for any additional legal fees incurred by the defendants in having to defend this action and in having to collect unpaid rent and late charges over and above those specified in the counterclaim. This motion to amend the pleadings comes long after the Scheduling Order's deadlines for amendments and discovery (a little over four months past the amendment deadline and three weeks past the extended discovery deadline).

According to Rule 15 of the Federal Rules of Civil Procedure "[a] party may amend the party's pleading *once as a matter of course* at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only with leave of court ... and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a) (emphasis added). Here, the defendants argue that they may amend their answer and counterclaim because the plaintiff never served a reply to the counterclaim. The defendants filed this motion to amend its amended answer on October 11, 2002; there is nothing on the court's docket sheet to indicate that the plaintiff served and filed a reply to the defendants' counterclaim prior to the making of the motion for leave to amend.

The defendants' motion to amend was made four months after the deadline for amendments as set forth in the Court's Scheduling Order. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, "[a] schedule *shall not be modified* except upon a showing of good cause and by leave of the district judge...." FED.R.CIV.P. 16(b) (emphasis added). It is settled law that when a responsive pleading *has been* filed and a party seeks an amendment *after* the pretrial scheduling order, Rule 16 of the Federal Rules of Civil Procedure is controlling and the movant must satisfy the more stringent standard of good cause. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2d Cir.2000). Defendants here seek leave to file an amended pleading long after the deadline for such filings had passed. Pursuant to Rule 16(b), with its mandatory language ("shall not be modified"), this motion must be denied unless defendants demonstrate good

cause for not having claimed all of the attorneys' fees to which they were entitled when they filed the original amended answer and counterclaim.

Defendants argue that they do not have to demonstrate good cause because the Court abolished any deadline for amendments to the pleadings when it extended the deadline for completing discovery. According to the defendants, the Court abolished the deadline for amending the pleadings by not filling in a new date for filing amended pleadings when I entered the order extending the discovery cut-off date.

Unfortunately for defendants, their disingenuous argument does not follow logically from the record. The parties submitted their request for a discovery deadline on August 16, 2002. When they made the request, the deadline for filing amended pleadings had already passed—indeed, it had expired two and one half months earlier. The Court was not asked to resurrect the already-expired deadline for amending pleadings, and I did not do so, either expressly or by implication, when I gave a parties a short extension of the discovery deadline and entered a corresponding extension of all other dates that were yet to pass (i.e., the due date for filing the pre-trial order and in limine motions, for filing motions for summary judgment, etc.).

Scheduling orders in general, and deadlines for amendment specifically, are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed. *Parker*, 204 F.3d at 339–40 (2d Cir.2000) (citations omitted). The Second Circuit noted that "[s]everal circuits have ruled that the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Parker*, 204 F.3d at 340. The Court decided to join these courts and held "that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to estab-

lish good cause." *Id.* Such an application is justified because if Rule 15(a) were considered without regard to Rule 16(b), the scheduling order would become meaningless. *Id.*

Allowing the defendants to amend as a matter of course without having to meet the good cause standard of Rule 16(b) would frustrate the purpose of this Court's Scheduling Order. Firstly, the defendants' motion to amend comes four months, a substantial amount of time, after the deadline in the Scheduling Order has passed. Secondly, this Court has *already* given the defendants the opportunity to amend its answer once. Finally, this Court has also extended the discovery deadline on behalf of both parties. It is evident from the procedural history of this case, that the Court has been both lenient and patient with the parties' pleading practices. However, it is time for this case to move forward. Based on the facts and circumstances of this case, the Court holds that in order to amend their counterclaim, the defendants must satisfy the good cause requirement of Rule 16(b).

Defendants argue that they are entitled to amend their answer and counterclaim as of right, because plaintiff failed to serve a reply to their pleading.[1] The short answer to this is that if defendants really believed that they were so entitled, they would not have moved for leave to file an amended pleading; they would simply have filed their second amended answer. Moreover, defendants ignore the fact that the first sentence of Rule 15(a) gives them the right to amend their pleading only once. Professor Wright and his colleagues state that this provision makes sense because it wastes judicial resources to require a motion for leave to amend at a point in litigation (pre-answer) when such leave would almost certainly be granted. They note that "as of right" amendments are typically filed early in the proceedings (which this purported "as of right amendment" most certainly was not). 6 CHARLES ALAN WRIGHT, ARTHUR P. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1480 (2d ed.2002). The purposes of the amendment as

of right provision is not served when a defendant purports to file a *second* amended pleading well after the Court's deadline for amending pleadings—and, indeed, after the close of discovery. There is no logical reason why in the present situation Rule 15(a) should trump Rule 16(b).

A finding of good cause depends on the diligence of the moving party. *Id.* at 341. In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence. *Robinson v. The Town of Colonie,* 1993 WL 191166, 1993 U.S. Dist. Lexis 7464 (N.D.N.Y.1993). "If [a] party was not diligent, the [good cause] inquiry should end." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992).

In the present case, it appears that the defendants' failure to comply with the Court's Scheduling Order resulted from a lack of diligence, because the substance of the defendants' "new" claim was known when the defendants filed their original amended answer and added their counterclaim. Defendants seek to add a new claim for the costs incurred in defending the present suit, pursuant to a clause in the lease signed by both parties. But defendants' knew about this clause, and knew as well that they would incur costs in defending this action, when they amended their original answer and asserted their counterclaim last spring. In *Sosa v. Airprint Systems, Inc.,* the plaintiff sued her former employer, however, the case was dismissed. 133 F.3d 1417, 1418 (11th Cir.1998). On appeal, Sosa argued that the district court erred by denying Sosa leave to amend the complaint to add another defendant. *Id.* Sosa's motion to amend was untimely, and the district court found that Sosa failed to demonstrate good cause. *Id.* The court found that Sosa's untimeliness was caused by a lack of diligence because, inter alia, the information supporting the proposed amendment was available before filing. *Id.* at 1419.

Defendants offer no explanation for why they failed to include the subject matter of the proposed amendment in their earlier

---

**1.** Plaintiff filed a belated reply in response to the instant motion, but that belated filing is irrele-

vant to the issue before the Court.

amendment. Nor do they try to explain why the deadline set forth by the Court's Scheduling Order could not be reasonably met.

Based on the facts and circumstances of this case, the Court finds the good cause standard of Rule 16(b) applicable, and further finds that defendants have failed to show good cause for why the amendment they now propose could not have been timely filed. The motion for leave to file a second amended answer and counterclaim is denied.