**COLORADO CAPITAL, Plaintiff,**

v.

**Charles OWENS, Defendant and Third Party Plaintiff,**

v.

**Providian Financial Corp., Golden, Wexler and Sarnese, ARS National Services, Inc., and Nationwide Credit, Inc., Third Party Defendants.**

**No. 03–CV–1126 (JS)(WDW).**

United States District Court, E.D. New York.

March 16, 2005.

Charles Owens, Amityville, New York, pro se.

Christine Marie Fecko, Esq., McGuire Woods LLP, New York City, for Third Party Defendants: ARS National Services, Inc.

Lawrence Banigan, Esq., Hill & Associates, Mineola, NY, for Nationwide Credit, Inc.

Christopher Barry Turcotte, Esq., Edwards & Angell, LLP, New York City, for Providian Financial Corp.

## ORDER

SEYBERT, District Judge.

Three years ago when this action was originally filed the parties, most likely, did not contemplate a "form" Complaint leading us to where we are today. On October 15, 2002, Colorado Capital Investments, Inc. ("Colorado"), as a successor in interest to Providian Financial Corp. ("Providian"), sued Charles Owens ("Owens") seeking to recover a debt of slightly less than $650. Several years later, after Colorado dropped its action, Owens has continued his third party action against several entities seeking to recover for damages he allegedly sustained when the parties attempted to collect the debt.

Currently pending before this Court are five motions. Third Party Plaintiff Owens

filed two motions to amend his Complaint under Rule 15(a) of the Federal Rules of Civil Procedure. On March 9, 2004, Plaintiff Owens filed an Amended Complaint with this Court. Subsequently, on August 30, 2004, Plaintiff Owens again sought to amend his Complaint through correspondence with this Court. Plaintiff Owens does not specifically state his reasons for seeking these amendments.

Third Party Defendant Providian has moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of dismissal, Providian argues that Owens has no claim against it under the Fair Debt Collection Practices Act ("FDCPA") because the FDCPA does not apply to creditors. Providian also seeks dismissal because Owens has failed to adequately plead a common law negligence claim under New Hampshire law.

ARS National Services, Inc. ("ARS") has also filed a motion to dismiss pursuant to Rule 12(b)(6). ARS alleges that Owens is barred by the statute of limitations from alleging a FDCPA claim against it. Moreover, ARS asserts that the relation-back doctrine does not preserve the claim from being barred. ARS also claims that Owens is procedurally barred from bringing a case against it because he failed to get this Court's permission to add ARS as a Defendant. In addition, ARS argues that this Court should decline to exercise jurisdiction over Owens' state law negligence claims. In the alternative, ARS claims that Owens has failed to state a valid negligence claim under New York State law.

Similarly to ARS, Nationwide Credit, Inc. ("Nationwide") has moved for dismissal alleging that Owens is barred by the statute of limitations from bringing a claim against it under New York State law. Nationwide also argues that Owens has failed to state a valid negligence claim. Moreover, Nationwide alleges that Owens is procedurally barred from bringing a claim against it due to his failure to obtain the Court's permission to bring Nationwide into the case.

For all of the reasons stated below, this Court GRANTS Owens' March 9, 2004, motion to amend; DENIES Owens' August 30, 2004, motion to amend; DENIES Third Party Defendant Providian's motion to dismiss; GRANTS, in part, and DENIES, in part, Third Party Defendant ARS' motion to dismiss; and DENIES Third Party Defendant Nationwide's motion to dismiss.

*Motion to Amend*

 Owens seeks to amend his Complaint under Rule 15, claiming that leave to amend should be freely granted. The amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure which provides that once a responsive pleading has been filed, the parties may amend their pleadings only by the consent of their adversaries or by leave of the court. *See* FED. R. CIV. P. 15(a). Generally, leave to amend should be granted freely, and amendment is typically permitted. *Id.; Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Nerney v. Valente & Sons Repair Shop,* 66 F.3d 25, 28 (2d Cir. 1995). "Although the decision of whether to allow plaintiffs to amend their complaint is left to the sound discretion of the district court, there must be good reason to deny the motion." *Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 55 (2d Cir.1995). Absent proof of prejudice, delay, futility or stalling tactics, amendment should be permitted in the court's discretion. *Foman,* 371 U.S at 182, 83 S.Ct. 227.

Because Owens filed several motions to amend his Complaint over a sixth month time period, it is important to distinguish between the motions to amend that have been granted and the motions to amend presently before this Court. On March 9, 2004, Owens filed an Amended Complaint with this Court that added Nationwide as a Third Party Defendant and made changes to the Seventh Cause of Action against ARS. At the time of this filing, Owens made no formal motion to this Court to amend his Complaint. Subsequently, on March 15, 2004, Owens sought to amend his Complaint to eliminate the Second, Third, Fourth, Fifth, and Sixth causes of action, and to change Paragraph 18 of the First cause of action. On March 16, 2004, this request was denied. However, based on arguments advanced in Owens' March 22, 2004, correspondence with this Court, the

March 15, 2004, motion to amend was granted. Thereafter, this Court received a letter from Owens dated August 30, 2004, requesting to amend Paragraph 51 of his Seventh Cause of Action against ARS and to add a Ninth Cause of Action against both ARS and Nationwide. Thus, presently before the Court is the timeliness of both the Amended Complaint filed with this Court on March 9, 2004, and the August 30, 2004, letter motion to amend.

The Plaintiff and the Defendants disagree as to whether the mere filing of the Amended Complaint on March 9, 2004, was sufficient to be considered timely. The docket sheet indicates that on October 28, 2003, Magistrate Judge William D. Wall entered a scheduling order establishing March 23, 2004, as the deadline for amending the pleadings. The Amended Complaint was filed with this Court on March 9, 2004, although no formal motion was made with this submission. However, as discussed *infra,* this Court finds that the submission was timely. Accordingly, Owens' Amended Complaint filed on March 9, 2004, is deemed timely.

■ The Plaintiff and Defendants also disagree as to whether the August 30, 2004, letter motion to amend was timely made. Because this request was made after the deadline imposed by Judge Wall's scheduling order, different standards of review govern this Court's analysis. The Second Circuit has held that it is not an abuse of discretion for a district court to deny leave to amend once the scheduling order deadline has passed when the moving party has failed to establish good cause. *See Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 339–40 (2d Cir.2000); FED R. CIV. P. 15(a), 16. This is true despite the lenient standard established by Rule 15(a). *See Rent–A–Center Inc. v. 47 Mamaroneck Avenue Corp.,* 215 F.R.D. 100, 101 (S.D.N.Y.2003)(citing *Parker,* 204 F.3d at 339–40). Good cause has been defined to mean "that scheduling deadlines cannot be met despite a party's diligence. In other words, to demonstrate 'good cause' a party must show that despite their diligence the time table could not have reasonably been met." *Carnrite v. Granada Hosp. Group, Inc.,* 175 F.R.D. 439, 446 (W.D.N.Y.1997)(in-

ternal citations and quotations omitted); *see also Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir.2003).

The August 30, 2004, motion to amend was filed over five months past the deadline for amended pleadings. In addition, Owens does not specifically state his reasons for amending the Complaint, in his letter motion to amend, or in any other supporting document. Accordingly, because Owens has failed to establish good cause for missing the scheduling order deadline, his August 30, 2004, motion to amend must be DENIED.

*Motion to Dismiss*

A district court should grant a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)(quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). In applying this standard, a district court must "read the facts alleged in the complaint in the light most favorable" to the non-moving party, and accept these allegations as true. *Id.* at 249, 109 S.Ct. 2893; *see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)(citing FED. R. CIV. P. 8(a)(2) to demonstrate "liberal system of 'notice pleading'" employed by the Federal Rules of Civil Procedure).

■ Courts must "tak[e] all factual allegations as true and constru[e] all reasonable inferences in the plaintiff's favor." *Lee v. Bankers Trust Co.,* 166 F.3d 540, 543 (2d Cir.1999). In addition, if a plaintiff is proceeding *pro se,* a complaint is held to "less stringent standards" than if he were represented by counsel. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)(quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). However, a *pro se* plaintiff is still required to comply with the relevant procedural and substantive rules of law. *See Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983).

## A. *Providian*

This dispute originated in Suffolk County District Court when Colorado sued Owens for an amount owed of $649.71. Owens subsequently removed the case from Suffolk County District Court to this Court pursuant to 28 U.S.C. §§ 1446, 1447. Colorado is no longer a party to this action.

With very limited exceptions, federal courts have limited subject matter jurisdiction. Federal courts can preside over actions dealing with federal questions and those in which there exists both diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Here, Owens has asserted subject matter jurisdiction based on both the Fair Debt Collection Practices Act ("FDCPA") and diversity of citizenship. In addition, this Court may preside over state law claims that are concurrently pending between parties. *See* 28 U.S.C. § 1367. Because the FDCPA claim against Providian has been eliminated from Owens' Complaint there is no longer a federal question pending. However, the Court still has subject matter jurisdiction between Providian and Owens based on diversity of citizenship, and can therefore preside over the state law claims.

This Court must consider Owens' only remaining cause of action against Providian based on common law negligence. Owens' Complaint, as amended on March 25, 2004 (discussed *supra*), alleges that: (1) "Providian had a duty under New York State Common Law to exercise care in selecting, instructing and supervising the Debt Collection Firms they hired;" (2) "Providian [was] negligent and failed in that duty of care;" and (3) "As a direct result of [its] negligence and failure in [its] duty of care, my rights were violated." Owens Supplemental Compl. ¶¶ 18–20.

Plaintiff and Providian disagree as to what law applies to this common law negligence claim, as well as to whether the elements of negligence were sufficiently pled in order to withstand a motion to dismiss. Providian argues that New Hampshire law applies due to the express "choice of law" provision in its Customer Agreement with the Plaintiff. Owens argues that New York law governs his negligence claim because, despite the choice of law provision in the Customer Agreement, New York has the most significant contacts with this dispute. With respect to whether this claim sufficiently pleads the necessary elements of negligence, Providian claims that Owens has failed to establish: (1) that Providian, as a creditor, owes a common law duty of care to its debtors; (2) that Providian, rather than the collection firms, was the proximate cause of Owens' alleged damages; and (3) sufficient damages.

■ The choice of law dispute between the parties is irrelevant because the elements of negligence under New York law and New Hampshire law are the same: (1) the defendant must owe the plaintiff a duty of care; (2) that duty of care must be breached; (3) the plaintiff must suffer an injury; and (4) the defendant's breach must be the proximate cause of the injury. *See Taylor v. United States*, 951 F.Supp. 298, 302 (D.N.H. 1996)("New Hampshire law is unremarkable in so far as it provides that the elements of negligence are a breach of a duty of care by the defendant, which proximately causes the plaintiff's injury.")(internal citation omitted); *Carignan v. New Hampshire Int'l Speedway, Inc.*, 151 N.H. 409, 858 A.2d 536, 540 (2004) ("It is axiomatic that in order to prove actionable negligence, a plaintiff must establish that the defendant owed a duty to the plaintiff, breached that duty, and that the breach proximately caused the claimed injury.")(quoting *Estate of Joshua T. v. State*, 150 N.H. 405, 840 A.2d 768 (2003)); *see also King v. Crossland Savings Bank*, 111 F.3d 251, 259 (2d Cir.1997) ("To sustain a claim for negligence, a plaintiff must show that the defendant owed the plaintiff a cognizable duty of care, that the defendant breached that duty, and that the plaintiff suffered damages as a proximate result of that breach."); *Stanford v. Kuwait Airways Corp.*, 89 F.3d 117, 122–27 (2d Cir.1996)(applying "familiar concepts of common law tort liability to determine the rights of the parties" and analyzing the elements of the negligence claim: duty, breach of duty, proximate cause, and damages).

The parties disagree over whether Providian owes a duty of care to Owens. Providian

argues that it is not in an agency relationship with the debt collection firms it hires, and thus, has no duty to monitor or police their actions. Owens argues that Providian owed him a duty to exercise reasonable care in selecting, instructing and supervising the debt collection firms it hired. This Court finds that Providian, as a creditor, owes Owens, a customer and debtor, a duty of reasonable care in the handling of his account, which includes the collection of his debt.

■ This Court must first address the nature of the relationship between Providian and the debt collection agencies it hires. This is relevant to determine whether Providian can ever be held liable for the negligent acts of debt collection firms it hires. If Providian stands in an agency relationship with the debt collection firms it hires, it can be held liable to Owens for their negligent acts via the principle of vicarious liability. If Providian hires debt collection firms as independent contractors, it will generally not be liable for their negligence, subject to three exceptions. See Becker v. Poling Transp. Corp., 356 F.3d 381, 388 (2d Cir.2004); Lawyers Title Insurance Corp. v. Groff, 148 N.H. 333, 808 A.2d 44, 47–48 (2002).

The crucial factor in finding the existence of an agency relationship, versus one merely of an employer-independent contractor, is whether Providian exerts some control over the actions of the debt collection firms it hires. See Nat'l Petrochemical Co. of Iran v. The M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir.1991) ("The crucial element of an agency relationship ... 'is that the agent acts subject to the principal's direction and control.' ")(quoting In re Shulman Transp. Enters., 744 F.2d 293, 295 (2d Cir.1984)); Herman v. Monadnock PR–24 Training Council, Inc., 147 N.H. 754, 802 A.2d 1187 (2002). Owens has not alleged in his Complaint that Providian exerts any degree of control over the debt collection firms it hires, so this Court has no basis upon which to conclude that there was an agency relationship between these parties. Thus, since Providian's debt collectors are independent contractors, Providian cannot be held vicariously liable to Owens for their actions.

■ The absence of an agency relationship between Providian and its debt collection firms, however, does not preclude the possibility that Providian can be directly liable to Owens for negligence. Although it is the general rule that an employer cannot be held liable for the negligence of an independent contractor, both New York and New Hampshire recognize three exceptions, the first of which involves the "negligence of the employer in selecting, instructing or supervising the contractor." See Becker, 356 F.3d at 389; Groff, 808 A.2d at 47. This exception has been explained to be a form of direct liability because it "concerns the employer's liability for its own acts or omissions rather than its vicarious liability for the acts and omissions of the contractor." Becker, 356 F.3d at 389 (quoting Kleeman v. Rheingold, 81 N.Y.2d 270, 598 N.Y.S.2d 149, 614 N.E.2d 712 (1993)). Thus, so long as Owens can satisfy the elements of negligence, Providian can be held directly liable to Owens for its negligence in the selection, instruction, or supervision of the debt collection firms it hired to collect his debt.

■ The parties disagree as to whether a credit card issuer owes a duty of care to its debtors. Other courts in this Circuit have held that "banks owe a duty of care to their customers." Dubai Islamic Bank v. Citibank, N.A., 126 F.Supp.2d 659, 667 (S.D.N.Y. 2000); see also Bank Brussels Lambert, S.A. v. Intermetals Corp., 779 F.Supp. 741, 747 (S.D.N.Y.1991)("[I]t is true without question that [Bank Brussels Lambert, S.A.] had a duty to exercise reasonable skill and care in carrying out its activities for its customer...."). Based on this persuasive language, we find that Providian, a creditor-bank, owes a duty of reasonable care to its customers, including Owens, in the collection of its debt. This finding is consistent with the general concept of imposing a "duty" as a matter of law.

■ The general concept of "duty" as a necessary element of a negligence action has been defined as "a relationship between ... two parties such that society imposes an obligation on one to protect the other from an unreasonable risk of harm." Stanford, 89 F.3d at 123. Furthermore, the existence of a

duty is a "legal, policy-laden declaration reserved for Judges." *In re September 11 Litigation,* 280 F.Supp.2d 279, 290 (S.D.N.Y.2003)(quoting *Palka v. Servicemaster Mgmt. Servs. Corp.,* 83 N.Y.2d 579, 611 N.Y.S.2d 817, 634 N.E.2d 189 (1994)). Ultimately, whether to impose a duty of care "rests on a judicial determination that the social importance of protecting the plaintiff's interest outweighs the importance of immunizing the defendant from extended liability." *Walls v. Oxford Mgmt. Co.,* 137 N.H. 653, 633 A.2d 103 (1993)(internal citation omitted); *see also Palka,* 83 N.Y.2d at 580, 611 N.Y.S.2d 817, 634 N.E.2d 189 (listing the "balancing factors" used by courts to analyze the existence of a duty of care, which included "the reasonable expectations of parties and society generally, the proliferation of claims, the likelihood of unlimited or insurer-like liability, disproportionate risk and reparation allocation, and public policies affecting the expansion or limitation of new channels of liability").

Applying this "policy-laden" balancing test, the Court finds that a duty should be recognized. There is nothing contrary to public policy that precludes the Court from holding credit card issuers to a duty of care in the collection of their debts. It is also entirely reasonable to expect credit card issuers to exercise care in the selection of the debt collection firms they hire to collect their debts. For example, surely credit card issuers should not be able to escape liability if they hired a debt collection firm that used hit-men or torturous means to collect debt from their customers. Creditors should reasonably foresee that a debt collection firm they hire could possibly resort to impermissible or illegal conduct to collect debt. Thus, the imposition of a duty of care in this context furthers the legislative and societal judgment that unfair and harmful debt collection practices in this country are unacceptable.

Furthermore, it is important to note the difference between the duty of reasonable care that is required to sustain a negligence action and the fiduciary duty of care required to sustain an action for breach of fiduciary duty. The latter requires a relationship between parties whereby one party "has reposed trust or confidence in another who thereby gains a resulting superiority or influence over the first." *Lehman Bros. Commercial Corp. v. Minmetals Int'l Non–Ferrous Metals Trading Co.,* 179 F.Supp.2d 118, 152 (S.D.N.Y. 2000) (quoting *Scott v. Dime Sav. Bank,* 886 F.Supp. 1073, 1078 (S.D.N.Y.1995)). No such "special relationship" is required to establish a duty of reasonable care in a negligence action. This substantive difference explains why Providian's argument regarding its lack of a "fiduciary obligation to its debtors or other creditors on its collection of its claims" is unpersuasive to this Court. *See* Providian Mem. of Law in Reply to Owens' Opp'n, at 4. No such heightened duty of care is required to sustain a negligence claim.

Providian also alleges that Owens did not plead any recognizable damages. Owens has pled that he suffered emotional distress as a result of Providian's negligence. Under both New York and New Hampshire law, emotional distress is a sufficient injury to sustain a negligence claim. *See Perrin v. Hilton Int'l. Inc.,* 797 F.Supp. 296, 300 (S.D.N.Y.1992); *Thorpe v. Dep't of Corr.,* 133 N.H. 299, 575 A.2d 351 (1990).

Finally, Providian's acts or omissions must have been the proximate cause of Owens' injury to sustain a negligence claim. Providian argues that it was not a proximate cause of Owens' alleged injuries because the debt collection firms' conduct following their retention is an intervening cause. The Court finds that Owens has sufficiently pled the element of proximate cause.

The element of proximate cause is satisfied if a plaintiff can "establish that the defendant's negligence was a substantial foreseeable factor in bringing about his or her injury." *Craig Test Boring Co. v. Saudi Arabian Airlines Corp.,* 138 F.Supp.2d 553, 557 (S.D.N.Y.2001); *see also Derdiarian v. Felix Contracting Corp.,* 51 N.Y.2d 308, 315, 434 N.Y.S.2d 166, 414 N.E.2d 666 (1980). The issue of proximate cause is generally a question of fact for the jury. *See id.* at 315, 434 N.Y.S.2d 166, 414 N.E.2d 666; *Fernberg v. T.F. Boyle Transp. Inc.,* 889 F.2d 1205,

1208 (1st Cir.1989). In addition, an intervening act by a third party does not necessarily break the causal connection between a defendant's negligence and a plaintiff's injury. *See Derdiarian*, 51 N.Y.2d at 315, 434 N.Y.S.2d 166, 414 N.E.2d 666. The causal connection will only be broken if the intervening act is "of such an extraordinary nature or so attenuated from the defendants' conduct that responsibility for the injury should not reasonably be attributed to them." *Gordon v. Eastern Ry. Supply, Inc.*, 82 N.Y.2d 555, 562, 606 N.Y.S.2d 127, 626 N.E.2d 912 (1993). Thus, "[i]f the intervening act was a foreseeable consequence of the defendant's negligence, he will be held liable." *See Johnson v. Bryco Arms*, 304 F.Supp.2d 383, 395 (E.D.N.Y.2004). Whether a superseding cause exists and whether it was foreseeable is also ordinarily decided by the factfinder. *See Derdiarian*, 51 N.Y.2d at 315, 434 N.Y.S.2d 166, 414 N.E.2d 666.

■ Based on this standard, the Court concludes that the Complaint sufficiently alleges that Providian's negligence in selecting and supervising the debt collectors it hired caused Owens' emotional distress. Furthermore, the actions of the debt collection firms were not intervening causes because a creditor should reasonably foresee that its debtors may suffer emotional distress if the debt collection firms it hires resort to harmful conduct. Thus, there are sufficient allegations upon which to allow this cause of action to continue.

■ To conclude, under both New York and New Hampshire law, Providian can be held directly liable to Owens for negligence in the selection and supervision of the debt collection firms it hires. In addition, Owens has sufficiently pled the necessary elements for negligence in his Complaint.

Accordingly, Providian's motion to dismiss is DENIED.

### B. *ARS*

As against ARS, this Court must consider both Owens' negligence claim and his

FDCPA claim.[1] ARS argues that Owens is barred by the statute of limitations from asserting his FDCPA claim. The FDCPA provides that "[a]n action to enforce any liability created by [this Act] … may be brought … within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In his Supplemental Third Party Complaint, Owens alleges that "[a]t various times during the year 2001, Employees of ARS made repeated phone calls" to his home and office. Owens Supplemental Compl. ¶ 44. Owens commenced this action on September 2, 2003. Thus, Owens has failed to assert his cause of action within one year from when the violations occurred. Owens' FDCPA claim is therefore barred by the statute of limitations.

■ The relation-back doctrine allows a plaintiff to assert a claim which would otherwise be barred by the statute of limitations if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading…." FED. R. CIV. P. 15(c)(2). Rule 15 also permits the addition of new parties to the proceeding if

> the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

*Id.* at (c)(3). Thus, a plaintiff must show that the party (1) to be added was involved in the conduct or occurrence set forth in the original pleading, (2) had sufficient notice of the action to mount a defense, and (3) realized that the only reason it had not been made a party to the suit was because the plaintiff was mistaken as to that party's true identity. The focus of the inquiry, then, centers upon the nature of a plaintiff's mistake.

---

1. In his letter motion to amend the Complaint, dated August 30, 2004, Owens sought to drop his FDCPA claim against ARS. However, this claim is still part of the action because, as discussed *supra*, the letter motion to amend was denied.

The Second Circuit Court of Appeals has held that "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 470 (2d Cir.1995). Furthermore, the use of "John Doe" in the pleadings to represent an unknown party does not preserve the pleadings for purposes of the relation-back doctrine. *See Aslanidis v. United States Lines, Inc.,* 7 F.3d 1067, 1075 (2d Cir.1993). "Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties ... but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Barrow,* 66 F.3d at 470. This holds true for *pro se* litigants, as well. *Tapia–Ortiz v. Doe,* 171 F.3d 150, 152 (2d Cir. 1999).

In his original Third Party Complaint, Owens sought relief from "Providian, Colorado Capital, Golden Wexler, and any Debt Collection Firm named at a later date...." Owens Answer ¶ 40(A). Nowhere in the original pleading does he refer to the debt collection agencies as "John Doe" agencies. The claims cannot relate back to the original Complaint because Owens did not make a mistake as to the names of the Defendants. Rather, Owens attempted to leave open the name of other potential defendants. Thus, since the statute of limitations has run, and Owens' Amendment does not meet the statutory relation-back doctrine requirements, Owens has no claim against ARS under the FDCPA.

This Court must also consider Owens' common law negligence claims against ARS because they are not preempted by his claims under the FDCPA. *See Virgil v. Reorganized M.W. Co.,* 156 F.Supp.2d 624, 631 (S.D.Miss.2001) (finding that "no court has held that the FDCPA completely preempts applicable state law or even that it preempts the field"). Owens claims that ARS "had a duty under ... New York State [c]ommon [l]aw to properly train, supervise and restrain their employees from violating

[his] rights" and that this negligence caused him to suffer great emotional distress. Supplemental Pleading ¶¶ 50–52.

ARS first argues that because no federal claims remain in this case, this Court should decline to exercise supplemental jurisdiction over Owens' state law negligence claim. This argument lacks merit because federal courts, as discussed *infra,* have original jurisdiction over actions based on a federal question or diversity of citizenship. Owens' complaint sufficiently alleges that there is complete diversity of citizenship between the parties. *See John Birch Soc. v. Nat'l Broad. Co.,* 377 F.2d 194, 197 (2d Cir.1967); *Richmond v. IBM Corp.,* 919 F.Supp. 107, 108 (stating that in a diversity action, such diversity "must be apparent from the pleadings"). Owens stipulates in his Complaint that he is a resident of the state of New York and alleges that ARS' state of incorporation and principal place of business is California. This is sufficient to establish diversity of citizenship and to give this Court original jurisdiction over Owens' negligence claim under state law. *See Jenkins v. Virgin Atl. Airways, Ltd.,* 46 F.Supp.2d 271 ("Allegations as to the state of incorporation and the principal place of business must appear on the face of the complaint....").

ARS next argues that Owens has failed to state a negligence claim under New York State common law because "parties in a creditor/debtor relationship owe no special duties to one another." ARS Reply Mem. of Law in Further Supp. of Mot. to Dismiss, at 5. As discussed *supra,* this contention lacks merit, as this Court finds that a creditor owes its debtor a duty of reasonable care in the collection of its debts. In addition, ARS' argument is problematic because Owens' Complaint alleges that ARS is a debt collector, not a creditor, and this Court must accept this allegation as true when evaluating the instant motion to dismiss. ARS does not contest any other elements of Owens' negligence claim. This Court finds that Owens has sufficiently pled the elements of negligence. ARS, as a debt collector, owes Owens, a debtor, a duty of reasonable care in the collection of his debt. *See Russell v.*

*Equifax A.R.S.,* 74 F.3d 30, 32 (2d Cir.1996) (noting the need to "shield" consumers against the "overly zealous debt collector" and stating that "[w]hile debt collectors are, of course, charged with the duty of collecting debts that are owed, they may not do so today in a manner that prevents consumers from exercising their legal rights"). In addition, Owens has pled sufficient facts to suggest that this duty was breached; Owens suffered emotional distress as a result of this negligence; and there is a sufficient basis on which to conclude the ARS' negligence was the proximate cause of Owens' injury.

Finally, ARS argues that Owens was procedurally barred from bringing a claim against it because he did not obtain the Court's permission to add ARS as a co-defendant in this case. For the reasons discussed *infra* as applied to Nationwide's similar argument, this Court finds that Owens' filing of an Amended Complaint naming ARS as a co-defendant before the scheduling order deadline was sufficient and timely.

Accordingly, ARS' motion to dismiss is GRANTED, in part, and DENIED, in part.

### C. *Nationwide*

Nationwide alleges that Owens, although labeling his claim against it as negligence, is really alleging violations of the FDCPA. As a result, Nationwide argues that Owens is barred by the statute of limitations from asserting his claim. This Court finds that it must only consider Owens' negligence claim under New York State law because it is the only claim alleged in Owens' Complaint.

Owens alleges that "Nationwide had a duty under New York State [c]ommon [l]aw to properly train, supervise, and restrain their Employees...." Owens Supplemental Compl. ¶ 61. The Complaint continues, "Nationwide was negligent and failed in that duty of care." *Id.* ¶ 62. As discussed *supra,* Rule 12(b)(6) demands that this Court accept all factual allegations stated in Owens' Complaint as true, *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), and draw all reasonable inferences in Owens' favor. *See Lee v. Bankers Trust Co.,* 166 F.3d 540, 543 (2d Cir.1999). Furthermore, because Owens is a *pro se* Plaintiff,

this Court must "read [the *pro se* party's] supporting papers liberally, and [ ] interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994) (citing *Mikinberg v. Baltic S.S. Co.,* 988 F.2d 327, 330 (2d Cir. 1993)). Thus, this Court must judge Owens' pleadings by a "less stringent standard[ ]" than if he was represented by counsel. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Applying this liberal standard, we must interpret Owens' negligence claim against Nationwide as adequately pled.

Nationwide argues that Owens' claims do not allege negligence, but rather intentional torts. Thus, Nationwide asserts that they are barred because under New York State law intentional torts have a one-year statute of limitations. *See* Nationwide Mot. to Dismiss ¶ 5. Furthermore, Nationwide argues that even if this Court interprets Owens' claim as one of negligence, his allegations rest solely on unsupported assertions. *Id.* ¶ 6. Both of these arguments, however, are insufficient for this Court to grant dismissal. This Court must accept all of Owens' allegations as true and is not required to determine, at this time, whether Owens has sufficient evidence to support his negligence claim.

Nationwide also claims that "great embarrassment and distress" are not sufficient damages to sustain a claim for either the intentional or negligent infliction of emotional distress. *See* Nationwide Reply Mem. of Law for Dismissal of Claims. However, as discussed *supra,* this Court must accept all allegations in Owens' Complaint as true, including the casting of his claim as negligence. Thus, as noted with respect to Providian *supra,* emotional distress is a sufficient cognizable injury under a negligence claim.

■ In addition, Nationwide adopts ARS' argument in support of dismissal and argues that a "creditor does not owe any duty towards a debtor." *See* Nationwide Reply Mem. of Law for Dismissal of Claims. This argument is without merit because Owens'

Complaint alleges that Nationwide is a debt collector, not a creditor, and this Court is required to accept this allegation as true. In addition, even if Nationwide was a creditor, this Court finds that a creditor owes a debtor a duty of reasonable care in the collection of its debts. See discussion *supra.*

Nationwide, similar to ARS, further argues that Owens is procedurally barred from bringing any claim against it because he did not obtain the Court's permission to bring Nationwide into the case. *See* Nationwide Motion to Dismiss ¶ 7–8. In addition, Nationwide alleges that Owens violated Judge Wall's Order, dated October 28, 2003, which stated that "motions to join new parties or to amend pleadings must be made by March 23, 2004." This Court finds that Owens is not procedurally barred from bringing his claim against Nationwide because Owens, as a *pro se* Plaintiff, adequately complied with Judge Wall's deadline by filing his Amended Complaint with this Court on March 9, 2004.

Rule 15(a) of the Federal Rules of Civil Procedure states that after a party has amended its pleadings "once as a matter of course," that party "may amend [it's] pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely granted when justice so requires." FED. R. CIV. P. 15(a). Furthermore, amendments to *pro se* complaints should be allowed "fairly freely." *Holmes v. Goldin,* 615 F.2d 83, 85 (2d Cir.1980).

 Owens submitted an amended pleading to this Court on March 9, 2004, and in doing so, attempted to abide by Judge Wall's deadline of March 23, 2004, to add new parties. Owens, himself, acknowledges that he was required to obtain the Court's permission before amending his Complaint. In addition, this Court recognizes that although *pro se* plaintiffs are entitled to a liberal pleading standard, this "does not exempt a [*pro se*] party from compliance with the relevant rules of procedural and substantive law." *Traguth,* 710 F.2d at 95 (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981)). It is of utmost importance, however, that this Court make "reasonable allowances so that a *pro se* plaintiff does not forfeit rights by virtue of her or his lack of legal training."

*Iwachiw v. N.Y. City Bd. of Elections,* 217 F.Supp.2d 374, 378 (E.D.N.Y.2002) (citing *Traguth,* 710 F.2d at 94). Thus, this Court finds that Owens attempted to comply with Rule 15 of the Federal Rules of Civil Procedure when he submitted his Amended Complaint to this Court before Magistrate Wall's deadline.

Furthermore, because the ultimate decision to grant or deny Owens the ability to amend is "within the sound discretion of the district court," *Dluhos v. Floating and Abandoned Vessel,* 162 F.3d 63, 70 (2d Cir.1998) (citation omitted), this Court believes that the interests of justice would be frustrated if it "impaired" Owens' claim "by [the] harsh application of technical rules." *Traguth,* 710 F.2d at 95. The very essence of the language of Rule 15(a), which states that leave to amend "shall be freely given when justice so requires," encourages claims to be decided on their merits. FED. R. CIV. P. 15(a); *see Foman,* 371 U.S. at 182, 83 S.Ct. 227 (using factors, such as undue delay, bad faith, and undue prejudice to the opposing party, to determine whether leave to amend should be freely given). There is no apparent or stated reason, such as undue delay or bad faith by Owens, or undue prejudice to Nationwide, for this Court to construe Owens' actions as an attempt to evade the procedural rules of this Court. *See id.* Owens' lack of bad faith is displayed by his subsequent communications with this Court via letters dated March 15, 2004, and March 22, 2004, in which he did not enclose a motion to add Nationwide as a party. The absence of this request suggests that Owens believed he had complied adequately with all procedural rules by filing his Amended Complaint with this Court on March 9, 2004. In addition, Nationwide is not prejudiced by this Court's interpretation of Owens' actions because it was given ample notice of the Amended Complaint and shortly thereafter submitted the instant motion to dismiss. Thus, because this Court construes Owens' actions as sufficient to comply with both Rule 15(a) and Judge Wall's deadline to add new parties, Owens is not procedurally barred from bringing suit against Nationwide.

**194**

Accordingly, Nationwide's motion to dismiss is DENIED.

*Conclusion*

For all the reasons listed above this Court GRANTS Owens' March 9, 2004, motion to amend; DENIES Owens' August 30, 2004, motion to amend; DENIES Third Party Defendant Providian's motion to dismiss; GRANTS, in part, and DENIES, in part, Third Party Defendant ARS' motion to dismiss; and DENIES Third Party Defendant Nationwide's motion to dismiss.

SO ORDERED